```
1  WALTER K. OETZELL (State Bar No. 109769)
   woetzell@dgdk.com
2  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
3  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
4  Facsimile: (310) 277-5735

5  Attorneys for R. Todd Neilson,
   Chapter 11 Trustee
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EZRI NAMVAR,<br><br>    Debtor.<br>_____<br>R. TODD NEILSON, TRUSTEE FOR THE CHAPTER 11 BANKRUPTCY ESTATE OF EZRI NAMVAR,<br><br>    Plaintiff,<br><br>    v.<br><br>NEJAT SARSHAR, an individual; HOMA SARSHAR, an individual; and DOES 1 through 10<br><br>    Defendant. | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br><br><br>Adv. No.<br><br>**COMPLAINT:**<br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFER;**<br>**(2) FOR TURNOVER;**<br>**(3) FOR UNJUST ENRICHMENT;**<br>**(4) FOR IMPOSITION OF CONSTRUCTIVE TRUST;**<br>**(5) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIEN;**<br>**AND (6) TO AVOID AND RECOVER PREFERENTIAL TRANSFER**<br><br>Date: SEE SUMMONS<br>Time: SEE SUMMONS<br>Place: SEE SUMMONS |

Plaintiff alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

-1-

360170.01 [XP]    25184

2. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O). To the extent that the Court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, the Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims for relief herein.

3. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. § 1409(a).

4. This bankruptcy case (the "Namvar Bankruptcy Case") was commenced by the filing of an involuntary Chapter 11 petition against Ezri Namvar (the "Debtor" or "Namvar") on December 22, 2008 (the "Petition Date").

5. An order for relief was entered on January 29, 2009.

6. On March 11, 2009, the Bankruptcy Court entered an order approving the appointment of R. Todd Neilson as the Chapter 11 Trustee.

## THE PARTIES

7. R. Todd Neilson (the "Plaintiff") is the duly qualified and acting Chapter 11 Trustee herein and brings this suit solely in his capacity as the Chapter 11 Trustee.

8. Plaintiff is informed and believes, and thereon alleges, that defendant Nejat Sarshar is an individual and at all times material herein was a resident of the County of Los Angeles, California.

9. Plaintiff is informed and believes, and thereon alleges, that defendant Homa Sarshar (together with Nejat Sarshar, the "Defendants") is an individual and at all times material herein was a resident of the County of Los Angeles, California.

10. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the defendants that the Plaintiff has designated as Does 1 to 10, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. The Plaintiff will seek leave to amend this Complaint when the true names and/or capacities of said defendants have been ascertained. The Plaintiff is informed and believes and thereon alleges, that each of the defendants

-2-

Case 2:10-ap-03423-BR    Doc 1    Filed 12/22/10    Entered 12/22/10 16:26:26    Desc
Main Document    Page 3 of 14

1  designated herein by such fictitious names are responsible in some manner for the occurrences
2  alleged in this Complaint, and are legally obligated to the Plaintiff for the reasons stated herein.
3       11.    The Plaintiff is informed and believes, and thereon alleges, that the Defendants, and
4  each of them, at all times material herein, were the agents, employees, servants, co-venturers and/or
5  legal representatives of each of the other Defendants, and that in doing the things herein alleged,
6  the Defendants, and each of them, acted within the course and scope of said relationships and with
7  the knowledge, permission, consent, ratification and/or adoption of the other Defendants, and each
8  of them.

## GENERAL ALLEGATIONS

11      12.    The Plaintiff is informed and believes, and thereon alleges, that Debtor owned
12 various interests in Namco Capital Group, Inc. ("Namco") and other entities and served as an
13 officer or manager in certain of these entities.
14      13.    The Plaintiff is informed and believes, and thereon alleges that, historically, Namco
15 borrowed funds on a secured or unsecured basis from various individuals and entities pursuant to
16 promissory notes payable by Namco, and Namco loaned these funds to fund various real estate
17 projects in which Debtor had an interest.
18      14.    The Trustee is informed and believes, and based thereon alleges, there exist in this
19 bankruptcy case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502
20 or that are not allowable only under 11 U.S.C. § 502(e), that could avoid the Subject Transfers and
21 Obligations, as defined below, under applicable law.
22      15.    The Plaintiff is informed and believes, and thereon alleges, that at all times material
23 herein, the Debtor and Namco were insolvent or became insolvent as a result of the transfers or
24 obligations complained of.
25      16.    Plaintiff is informed and believes, and thereon alleges, that Debtor made or caused
26 to be made certain transfers or incurred certain obligations to Defendants, including, without
27 limitation, the Debtor's pledge of a membership interest in Flow 7, LLC, which interest Debtor
28 owned and controlled, by that certain Assignment and Security Agreement dated as of November

-3-

1  10, 2008 and any guaranty referenced therein (the "Subject Transfers and Obligations"), in respect
2  of an obligation or obligations of Namco to Defendants, including, without limitation, Namco's
3  promissory notes dated June 20, 2006 and September 29, 2006 in the amounts of $600,000 and
4  $750,000 respectively.

## FIRST CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

7    17.    Plaintiff refers to and incorporates herein by reference each and every allegation
8  contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

9    18.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor made
10 the Subject Transfers and Obligations with the actual intent to hinder, delay, or defraud one or
11 more of its creditors.

12   19.    Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including,
13 without limitation, California Civil Code § 3439.04(a)(1), Plaintiff is entitled to avoid the Subject
14 Transfers and Obligations.

15   20.    Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of
16 the property transferred by the Subject Transfers and Obligations, plus interest thereon at the
17 maximum legal rate from and after the date of the Subject Transfers and Obligations, in a sum
18 according to proof at trial, but which Plaintiff is informed and believes exceeds $550,000.

## SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

22   21.    Plaintiff refers to and incorporates herein by reference each and every allegation
23 contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

24   22.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor
25 received less than reasonably equivalent value in exchange for the Subject Transfers and
26 Obligations.

360170.01 [XP]    25184

1   23.   Plaintiff is informed and believes and, based thereon, alleges that at the time the Subject Transfers and Obligations were made, the Debtor was either insolvent or became insolvent as a result of the Subject Transfers and Obligations.

24.   Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code § 3439.05, Plaintiff is entitled to avoid the Subject Transfers and Obligations.

25.   Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred under the Subject Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $550,000.

### THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

26.   Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein..

27.   Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers and Obligations.

28.   Plaintiff is informed and believes and, based thereon, alleges that at the time of the Subject Transfers and Obligations, the Debtor was engaged, or were about to engage, in business or a transaction or transactions for which their remaining assets were unreasonably small capital.

29.   Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code § 3439.04(a)(2)(A), Plaintiff is entitled to avoid the Subject Transfers and Obligations.

30.   Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers and Obligations, plus interest thereon at the

360170.01 [XP]    25184

maximum legal rate from and after the date of the Subject Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $550,000.

## FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

31. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

32. Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers and Obligations.

33. Plaintiff is informed and believes and, based thereon, alleges that the Debtor intended to incur, or believed or reasonably should have believed, that he would incur debts that would be beyond the ability to pay as such debts became due.

34. Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code section 3439.04(a)(2)(B), Plaintiff is entitled to avoid the Subject Transfers and Obligations.

35. Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $550,000.

.

## FIFTH CLAIM FOR RELIEF

(For Turnover)

36. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein..

37. The Plaintiff's interest in the Subject Transfers and Obligations is property of the Debtor's bankruptcy estate that may be used by the Plaintiff.

360170.01 [XP]    25184

38. The Plaintiff is entitled to a turnover from each of the recipients of the Subject Transfers and Obligations of the amounts each recipient received.

### SIXTH CLAIM FOR RELIEF

(For Unjust Enrichment)

39. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

40. As a result of the Subject Transfers and Obligations, Defendant received a benefit and unjustly retained that benefit at the expense of Debtor, unsecured creditors, and each of them, in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

(For Imposition of Constructive Trust)

41. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

42. Plaintiff is informed and believes, and thereon alleges that Defendants hold legal title, if any, to the property in respect of the Subject Transfers and Obligations subject to the Debtor's or the Estate's superior equitable title.

43. Defendants, and each of them, hold said title as constructive trustee for the benefit of the Estate.

### EIGHTH CLAIM FOR RELIEF

(To Determine Validity, Priority, or Extent of Lien)

44. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

45. Defendants, and each of them, failed to perfect their interest, if any, including, without limitation, the security interest, in or granted on the property the subject of the Subject Transfers and Obligations.

46. Pursuant to 11 U.S.C. § 544(a)(1), the Trustee has as of the petition date the rights and powers of, and may avoid any transfer avoidable by, an execution or judgment lien creditor.

360170.01 [XP]    25184

47. Under applicable law, including, without limitation California Commercial Code section 9317(a), an unperfected security interest is subordinate to the rights of lien creditor.

48. Defendants' interest, if any, including, without limitation, the security interest, in or granted on the property the subject of the Subject Transfers and Obligations is subordinate to Plaintiff's interests therein and may be avoided by Plaintiff.

### NINTH CLAIM FOR RELIEF

(To Avoid and Recover Preferential Transfers)

49. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 inclusive, as though fully set forth herein.

50. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers and Obligations constituted a transfer of an interest of the Debtor in property to the Defendants.

51. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers and Obligations were made to or for the benefit of the Defendant as a creditor of the Debtor.

52. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers and Obligations were made for or on account of an antecedent debt owing by the Debtor to the Defendant before the Subject Transfers and Obligations were made.

53. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers and Obligations while the Debtor was insolvent.

54. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers and Obligations were made within 90 days prior to the Petition Date.

55. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers and Obligations enabled the Defendant to receive more than the Defendant would receive if the Subject Transfers and Obligations had not been made and the Defendant instead received payment on Defendant's claim only to the extent provided by Chapter 7 of the Title 11 U.S.C.

360170.01 [XP]    25184

56.	Pursuant to 11 U.S.C. § 547(b), Plaintiff may avoid the Subject Transfers and Obligations.

57.	Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers and Obligations, in a sum according to proof, which Plaintiff believes to be not less than $550,000.

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF:**

1.	That the Subject Transfers and Obligations be avoided; and

2.	That the Subject Transfers and Obligations or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate.

**ON THE FIFTH CLAIM FOR RELIEF:**

3.	For a turnover from each of the recipients of the Subject Transfers and Obligations in the sum of not less than the amount received by each recipient.

**ON THE SIXTH CLAIM FOR RELIEF:**

4.	For damages in a sum to be proved at trial.

**ON THE SEVENTH CLAIM FOR RELIEF:**

5.	For a declaration that Defendants hold title to the property the subject of the Subject Transfers and Obligations as trustee of a constructive trust for the benefit of the Estate; and

6.	For an order compelling Defendants to convey the property the subject of the Subject Transfers and Obligations to the Plaintiff or to pay Plaintiff the proceeds of the sale of the property the subject of the Subject Transfers and Obligations.

-9-

### ON THE EIGHTH CLAIM FOR RELIEF:

7. For judgment or declaration that Defendants' interest, if any, including, without limitation, the security interest, in or granted on the property the subject of the Subject Transfers and Obligations is subordinate to Plaintiff's interests therein and may be avoided by Plaintiff.

### ON THE NINTH CLAIM FOR RELIEF:

8. That the Subject Transfers and Obligations be avoided; and

9. That the Subject Transfers and Obligations or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate.

### ON ALL CLAIMS FOR RELIEF:

10. For costs of suit incurred herein;

11. For interest according to law; and

12. For all other and further relief as the Court deems just and proper.

Dated: December 22, 2010             DANNING, GILL, DIAMOND & KOLLITZ, LLP


                                     By: /s/ Walter K. Oetzell
                                         Walter K. Oetzell
                                         Attorneys for R. Todd Neilson,
                                         Chapter 11 Trustee

-10-

360170.01 [XP]    25184

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>R. TODD NEILSON, Trustee for the Chapter 11 Bankruptcy Estate of EZRI NAMVAR | DEFENDANTS<br>NEJAT SARSHAR, an individual; HOMA SARSHAR, an individual; and DOES 1 through 10 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Walter K. Oetzell (State Bar No. 109769)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077     (email: woetzell@dgdk.com) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other  Defendants<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers Under 11 U.S.C. §§ 544 & 548, California Civil Code §§ 3439.04(a)(1), (a)(2)(A), (a)(2)(B) & 3439.05; (2) For Turnover; (3) For Unjust Enrichment; (4) For Imposition of Constructive Trust; (5) To Determine Validity, Priority, or Extent of Lien Under 11 U.S.C. §§ 544(a)(1) & California Commercial Code § 9317(a); and (6) To Avoid and Recover Preferential Transfer Under 11 U.S.C. § 547(b)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[3] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 550,000.00 |

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>EZRI NAMVAR | BANKRUPTCY CASE NO.<br>2:08-bk-32349-BR ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>Honorble Barry Russell |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| /s/ Walter K. Oetzell ||
| DATE<br>12/22/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>WALTER K. OETZELL |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| WALTER K. OETZELL (State Bar No. 109769)<br>woetzell@dgdk.com<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br>*Attorney for Plaintiff* R. Todd Neilson, Trustee for the Chapter 11 Bankruptcy Estate of Ezri Namvar | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>EZRI NAMVAR<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 2:08-bk-32349-BR<br><br>ADVERSARY NUMBER |
|---|---|
| R. TODD NEILSON, Trustee for the Chapter 11 Bankruptcy Estate of EZRI NAMVAR,<br>Plaintiff(s),<br>vs.<br>NEJAT SARSHAR, an individual; HOMA SARSHAR, an individual; and DOES 1 though 10<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkFlow.com

F 7004-1

| In re<br>EZRI NAMVAR | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.:<br>2:08-bk-32349-BR |
|---|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:


☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1


American LegalNet, Inc.
www.FormsWorkFlow.com